UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI

**FILED**

Dec 15 2021

ARTHUR JOHNSTON, CLERK

By: _____ Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**WILLIAM CODY SIMMONS**                                          **PLAINTIFF**

**VS.**                                          **CIVIL ACTION NO.:** 3:21-cv-795-CWR-LGI

**INMOTION REHAB, LLC**                                          **DEFENDANT**

### COMPLAINT
### JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, William Cody Simmons, by and through his counsel, Watson & Norris, PLLC, and files this action against Defendant, inMotion Rehab, LLC. As more specifically set forth below, Plaintiff has been subjected to sex discrimination in violation of the Title VII of the Civil Rights Act of 1964, as amended, and has been unlawfully retaliated against in the terms and conditions of his employment with Defendant inMotion Rehab, LLC. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

### PARTIES

1.      The Plaintiff, William Cody Simmons, is an adult male resident of Madison County, Mississippi.

2.      Defendant, inMotion Rehab, LLC, is a Mississippi Limited Liability Corporation that may be served with process through its registered agent: Julia Switzer Kowalski, 5411 I-55 North Jackson, Mississippi 39206.

### JURISDICTION AND VENUE

5.      This Court has federal question jurisdiction over Plaintiff's claims.

6.      This Court has personal and subject matter jurisdiction over the Defendant, and venue is proper in this Court.

7.    Plaintiff timely filed a Charge of Discrimination with the EEOC on April 23, 2021, a true and correct copy of which is attached as Exhibit "A." The EEOC issued a Dismissal and Notice of Right to Sue on September 23, 2021, a true and correct copy of which is attached as Exhibit "B." Plaintiff timely files this cause of action within ninety (90) days of receipt of his Dismissal and Notice of Right to Sue.

## STATEMENT OF THE FACTS

8.    Plaintiff is a 40-year-old male resident of Madison County, Mississippi.

9.    Plaintiff was hired on March 10, 2019, as a Physical Therapy Assistant at inMotion Rebab, LLC (IR).

10.    IR is jointly owned by Julia Kowalski and her mother, Dianne Switzer.

11.    Plaintiff was laid off in July 2019 but then rehired in October 2019.

12.    Soon after Plaintiff was rehired, Mrs. Kowalski began calling Plaintiff after work hours, making sexual advances toward him, and encouraging him to leave his girlfriend.

13.    At one point, Mrs. Kowalski offered Plaintiff that she could get them (Mrs. Kowalski and Plaintiff) a hotel room.

14.    During one of the phone calls made by Mrs. Kowalski to Plaintiff after work hours, Ms. Switzer overheard Mrs. Kowalski's inappropriate overtures toward Plaintiff.

15.    Ms. Switzer subsequently grabbed the phone from Mrs. Kowalski and reminded her (Mrs. Kowalski) that her (Mrs. Kowalski's) husband was present.

16.    During a Christmas party in December 2019, despite that fact that Plaintiff' girlfriend was present, Mrs. Kowalski grabbed Plaintiff' crotch and licked his face.

17.    Plaintiff' girlfriend (Elizabeth Burnham) directly observed these incidents.

18.     Similarly, at a party in January 2020 at Mrs. Kowalski's home, Mrs. Kowalski slapped Plaintiff on his buttocks and told him to go wait in her guest bedroom, where she would come and "fuck [his] brains out."

19.     Plaintiff rebuffed all of Mrs. Kowalski's advances.

20.     In September 2020, Plaintiff and Ms. Burnham (his girlfriend) moved into a home together.

21.     Soon after that, Mrs. Kowalski and Ms. Switzer began pressuring both Plaintiff and Ms. Burnham, and both were threatened with the possibility of termination.

22.     On February 22, 2021, Plaintiff and Ms. Burnham were called into a meeting with the two owners.

23.     Both Plaintiff and Ms. Burnham were terminated, allegedly for refusing to come to work during an ice storm.

24.     After being informed he was terminated, Plaintiff reported to Ms. Switzer about the multiple sexual advances made toward him by Mrs. Kowalski.

25.     Plaintiff and Ms. Burnham were asked to step out of the room for 15 minutes and then they were called back.

26.     When they returned, Mrs. Kowalski stated that she must have been drunk and high when she made the sexual advances toward Plaintiff.

27.     Ms. Switzer then asked, "Is there any way we can work this out?"

28.     Both Plaintiff and Ms. Burnham responded that they wanted to work it out and move forward.

29.     As a result, both Plaintiff and Ms. Burnham were rehired at that time.

30.     On February 23, 2021, Ms. Switzer called Plaintiff and invited he and Ms.

Burnham to breakfast the next day, to "make sure [they were] ok."

31.    Plaintiff declined the offer.

32.    Both Plaintiff and Ms. Burnham were still somewhat in shock over the events of February 22nd.

33.    On March 3, 2021, Plaintiff and Ms. Burnham submitted a written complaint, outlining their complaints, most notably how Plaintiff had been sexually harassed by Mrs. Kowalski.

34.    After reading the letter, both Ms. Switzer and Mrs. Kowalski refused to meet with Plaintiff and Ms. Burnham.

35.    Both owners assured Plaintiff and Ms. Burnham that their jobs were not in jeopardy, but they claimed they needed time to "regroup" after having read the letter of complaint.

36.    On March 10, 2021, a meeting was held.

37.    Mrs. Kowalski was not present.

38.    When Plaintiff met with Ms. Switzer, Ms. Switzer informed him that he was terminated because of the letter he had submitted.

39.    Ms. Switzer attempted to convince Plaintiff to sign a severance agreement, falsely claiming that he had to sign it "now or never."

40.    Plaintiff refused to sign the severance agreement.

## CAUSES OF ACTION

## COUNT I:  VIOLATION OF TITLE VII – SEX DISCRIMINATION & RETALIATION

41.    Plaintiff re-alleges and incorporates all averments set forth through Paragraphs 1 through 40 above as though specifically set forth herein.

42.    The Defendant violated Title VII of the Civil Rights Act of 1964 by discriminating against him because of his sex and subsequently retaliating against Plaintiff for submitting a written complaint regarding Ms. Kowalski's sexual advances and sexual harassment towards Plaintiff.

43.    The acts of the Defendant constitute a willful intentional violation of Title VII of the Civil Rights Act of 1964, as amended, and entitle Plaintiff to recovery of damages, both pecuniary and punitive in nature.

44.    As a result of Defendant's said sex discrimination and retaliation, Plaintiff suffered damages, including but not limited to compensatory damages, loss of reputation, humiliation, embarrassment, emotional pain and suffering, inconvenience, and mental anguish.  In addition, Plaintiff is entitled to an award of punitive damages against Defendant.

45.    In addition, Defendant's actions in terminating Plaintiff's employment were done maliciously with the intent to cause Plaintiff injury.

## **PRAYER FOR RELIEF**

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1.    Back wages and reinstatement; or
2.    Future wages in lieu of reinstatement;
3.    Tax gross-up and all make-whole relief;
4.    Compensatory damages;
5.    Punitive damages;
6.    Lost Benefits;
7.    Pre-judgment and post-judgment interest;
8.    Attorney fees and costs; and
9.    Such other relief as the Court deems just and appropriate.

THIS, the 15th day of December 2021.

Respectfully submitted,

CODY SIMMONS, PLAINTIFF

By:  /s/Louis H. Watson, Jr.
Louis H. Watson, Jr.  (MB# 9053)
Nick Norris (MB#101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Jackson, Mississippi 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
          nick@watsonnorris.com