IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**WILLIAM CODY SIMMONS**                                                                  **PLAINTIFF**

**V.**                                                                      **CAUSE NO. 3:21-CV-795-CWR-LGI**

**INMOTION REHAB, LLC**                                                       **DEFENDANT**

**ORDER**

Before the Court is the defendant's motion to dismiss. Docket No. 5. The matter is fully briefed and ready for adjudication. On review, the motion will be granted in part and denied in part.

**I.     Factual and Procedural History**

The following allegations are drawn from the complaint.

William Cody Simmons was a physical therapy assistant for inMotion Rehab, LLC. From approximately October 2019 to his termination in March 2021, inMotion's co-owner, Julia Kowalski, sexually harassed Simmons. Specifically, Kowalski called Simmons after work hours, encouraged him to leave his girlfriend (who was also an inMotion employee), offered to get she (Kowalski) and Simmons a hotel room, grabbed Simmons' crotch, licked his face, slapped his buttocks, and (in January 2020) told him to wait in a bedroom where she would "fuck [his] brains out." Simmons rebuffed her advances.

The work relationship apparently began to deteriorate "soon after" September 2020, when Simmons and his girlfriend moved into a home together. He alleges that Kowalski and inMotion's other co-owner, Dianne Switzer, "began pressuring" Simmons and his girlfriend, threatening both with the possibility of termination.

On February 22, 2021, the co-owners terminated Simmons and his girlfriend for refusing to work during an ice storm. Simmons then complained of the sexual harassment. The co-owners immediately conferred. Upon their return, Switzer asked Simmons if they could "work this out." Simmons replied yes, and says that he and his girlfriend were both rehired "at that time."

On March 3, however, Simmons and his girlfriend decided to memorialize in writing their concerns, including the sexual harassment Simmons experienced. This the owners could not tolerate. One week later, they terminated Simmons "because of the letter he had submitted."

After exhausting his remedies with the EEOC, Simmons filed this lawsuit alleging discrimination on the basis of sex and retaliation. The present motion to dismiss followed.

## II.    Legal Standard

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts the plaintiff's factual allegations as true and makes reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A satisfactory complaint will "contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 677-78 (quotation marks and citation omitted). This requires "more than an unadorned, the defendant-unlawfully-harmed-me accusation," but the complaint need not have "detailed factual allegations." *Id.* at 678 (quotation marks and citation omitted). The plaintiff's claims must also be plausible on their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

## III.    Discussion

The defendant begins with a series of arguments challenging Simmons' sex discrimination claim. Simmons responds by conceding the claim. It is dismissed.

The defendant then challenges Simmons' retaliation claim. It argues that Simmons was fired for refusing to work during an ice storm, not because he engaged in protected activity. This line of attack, however, overlooks Simmons' allegation that he and his girlfriend were rehired as of February 22, 2021. In other words, taking Simmons' allegations as true, as the Court must at this stage, his complaint indicates that he was fired only after he memorialized his sexual harassment allegations, not because he failed to work during an ice storm.

The defendant next argues that Simmons cannot advance a retaliation claim because the underlying events he complained about (*i.e.*, the enumerated acts of sex discrimination) were time-barred by the time he made his complaint to management—February 22, 2021. That may be a valid reason to dismiss Simmons' sex discrimination count; indeed, the defendant's supporting cases show as much. But it is not a good reason to dismiss the retaliation claim.

In the retaliation context, the "Plaintiff is only required to show that she had a reasonable belief that the actions by her employer constituted a violation of Title VII when she engaged in the protected conduct of reporting it." *McCorvey v. Univ. of Texas Health Sci. Ctr. at San Antonio*, No. 5:16-CV-631-DAE, 2016 WL 8904949, at *8 (W.D. Tex. Dec. 21, 2016). "[T]he reasonable belief standard recognizes there is some zone of conduct that falls short of an actual violation but could be reasonably perceived to violate Title VII." *E.E.O.C. v. Rite Way Serv., Inc.*, 819 F.3d 235, 242 (5th Cir. 2016).

Simmons' complaint satisfies this standard. Even if Simmons' sex discrimination claims were technically time-barred when he complained about them, the conduct at issue was so severe or pervasive that Simmons could reasonably believe that it violated Title VII. When he reported it, therefore, he was engaging in protected conduct. *See McCorvey*, 2016 WL 8904949, at *9. His retaliation claim was timely filed.

The defendant closes with an argument that laches should bar Simmons' retaliation claim. Laches, however, is an "equitable defense" that requires "a fact-specific inquiry" into "evidence." *Thomas v. Bryant*, 938 F.3d 134, 149 (5th Cir. 2019), *on reh'g en banc sub nom. Thomas v. Reeves*, 961 F.3d 800 (5th Cir. 2020). We have no evidence in this case yet; there are only allegations. And the allegations present a straightforward example of retaliation. The defense may be re-urged at the appropriate juncture.

IV.  **Conclusion**

The motion is granted in part and denied in part.

**SO ORDERED**, this the 25th day of May, 2022.

> s/ Carlton W. Reeves
> UNITED STATES DISTRICT JUDGE